# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

August 10, 2026

**LETTER OPINION**

Re: *AACE Pharmaceuticals, Inc. v. Infinity Multiventures, Inc.*
Civil Action No. 20-14998 (JXN)(AME)

Dear Parties:

Before the Court is Plaintiffs AACE Pharmaceuticals Inc. ("AACE"), Aarkish Pharmaceuticals NJ Inc. ("Aarkish Inc."), and Aarkish Pharmaceuticals LLC's ("Aarkish LLC") (collectively, "Plaintiffs") motion for partial summary judgment. (ECF No. 78.) Defendants Infinity Multiventures Inc. ("Infinity Inc."), Infinity Aarkish Ventures LLC ("Infinity LLC"), Sanjay Dayma ("Dayma"), Sandeep Mehta ("Mehta"), and Vaibhav Manek's ("Manek") (collectively, "Defendants") opposed (ECF No. 89), and Plaintiffs replied. (ECF No. 91). For the reasons stated below, the motion is **DENIED** and the parties are **ORDERED TO SHOW CAUSE** within thirty days why this Court has subject matter jurisdiction.

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs assert the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Compl. ¶ 10, ECF No. 1.)

Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420.

The parties have extensively litigated this case, which includes motion practice and unsuccessful attempts at mediation, however, no party has raised the issue of subject matter jurisdiction. The foregoing notwithstanding, it appears to the Court that at least one Defendant and two Plaintiffs are New Jersey citizens. Plaintiffs assert that AACE and Aarkish Inc. are New Jersey

corporations principally doing business in New Jersey. Thus, AACE and Aarkish Inc. are New Jersey citizens. (Compl. ¶¶ 1–2.) But Plaintiffs further claim that Infinity Inc. is a Delaware corporation principally doing business in New Jersey. (*Id.* ¶ 5.) Under the well-established rules for corporate citizenship, Infinity Inc. is a citizen of both Delaware and New Jersey. Thus, it seems the parties are not completely diverse.

Even if the Court were assured that Infinity Inc. is completely diverse from AACE and Aarkish Inc., Plaintiffs do not adequately allege the citizenship of Aarkish LLC, Infinity LLC, Dayma, Mehta, and Manek. (*See id.* ¶¶ 3, 6–9.) Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). Plaintiffs merely assert that Aarkish LLC is a New Jersey LLC and Infinity LLC is a New York LLC. (*Id.* ¶¶ 3, 6.) However, Plaintiffs neither identify Aarkish LLC and Infinity LLC's members, (*see id.*), nor offer any facts about Dayma, Mehta, or Manek's citizenship. Without more, the Court cannot conclude the parties are completely diverse.

The Court cannot decide what it lacks the power to hear. Accordingly, Plaintiffs' motion for partial summary judgment is **DENIED** without prejudice to their ability to later refile. And the parties are **ORDERED TO SHOW CAUSE**, by written submission on the docket within thirty days, why this Court has subject matter jurisdiction.

An appropriate Order accompanies this Opinion.

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge