# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

September 14, 2026

## **LETTER OPINION & ORDER**

Re: *AACE Pharmaceuticals, Inc. v. Infinity Multiventures, Inc.*
Civil Action No. 20-14998 (JXN)(AME)

Dear Parties:

On August 10, 2026, this Court ordered the parties to show cause why subject matter jurisdiction exists in this action. (Order to Show Cause ("OTSC"), ECF No. 111.) The parties have submitted responses. (*See* Defs.' Reply, ECF No. 113; Pls.' Reply, ECF No. 114.) For the reasons stated below, neither response sufficiently addresses whether the Court has subject matter jurisdiction. Accordingly, the Court order the parties to engage in thirty (30) days of additional jurisdictional discovery limited to identifying Defendant Infinity Multiventures, Inc.'s ("Infinity Inc.") principal place of business.

For context, Plaintiffs AACE Pharmaceuticals Inc. ("AACE"), Aarkish Pharmaceuticals NJ Inc. ("Aarkish Inc."), and Aarkish Pharmaceuticals LLC ("Aarkish LLC") (collectively, "Plaintiffs") assert the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (See Compl. ¶ 10, ECF No. 1.)

The face of the Complaint discloses a lack of diversity. Plaintiffs allege AACE and Aarkish Inc. are New Jersey corporations. (*Id.* ¶¶ 1–2.) The Complaint states Infinity Inc. "is a Delaware corporation with its principal place of business in New Jersey." (*Id.* ¶ 5.) Because Infinity Inc., AACE, and Aarkish Inc. are New Jersey residents, there is no diversity of citizenship.

The Court ordered the parties to show cause why this Court has subject matter jurisdiction. (*See* OTSC.) Both parties replied. (*See* Defs.' Reply; Pls.' Reply.) Neither party's response, however, sufficiently addresses this discrete issue.

Without identifying Infinity Inc.'s principal place of business, Defendants[1] assert the allegations in the Complaint defeat diversity. (*See* Defs.' Reply.)

---

[1] Infinity, Infinity Aarkish Ventures LLC ("Infinity LLC"), Sanjay Dayma ("Dayma"), Sandeep Mehta ("Mehta"), and Vaibhav Manek's ("Manek") (collectively, "Defendants").

Plaintiffs, meanwhile, inexplicably state the Complaint—which they filed—"is incorrect." (Pls.' Reply at 4.) According to Plaintiffs, "Infinity Inc. did not have its corporate 'nerve center' located in New Jersey and did not have its principal place of business in New Jersey at the time of the filing of the Complaint."[2] (Pls.' Reply at 4.) Plaintiffs now assert Infinity Inc. had a principal place of business in New York. (*Id.*) For support, Plaintiffs cite sections of AACE's and Aarkish Inc.'s Shareholder Agreements, to each of which Infinity Inc. was a party. (*Id.*) The parties entered both Agreements in September 2019. (*See* Pls.' Ex. A ("AACE Agreement") at 3, ECF No. 114-2; Pls.' Ex. B ("Aarkish Agreement") at 3, ECF No. 114-3.) Section 2.1(d) of AACE's Shareholder Agreement ("AACE Agreement") identifies Infinity's principal place of business as New York. (*See* AACE Agreement § 2.1(d).) Section 2.1(b) of Aarkish Inc.'s Shareholder Agreement ("Aarkish Agreement") similarly identifies Infinity's principal place of business as New York. (Aarkish Agreement § 2.1(b).) Section 25.5(c) in both Agreements requires notice to be sent to Infinity Inc.'s New York address. (*Id.* § 25.5(c).)

A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Normally, a corporation's "nerve center" is its headquarters, "provided that the headquarters is . . . not simply an office where the corporation holds its board meetings." *Id.* at 93. So, "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York." *Id.* at 96. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Id.* "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* 96–97.

Plaintiffs' proofs are minimally informative. While the AACE and Aarkish Agreements identify Infinity Inc.'s principal place of business as New York, the Court has no way of determining, from stray provisions in two contracts entered into a year before this lawsuit began, whether Infinity Inc.'s officers "direct, control, and coordinate the corporation's activities" from New York, *id.* at 92–93, or whether the New York address is a "mail drop box, a bare office with a computer, or the location of an annual executive retreat," *id.* at 97. Defendants' argument—which leans on the defective allegations in the Complaint—provides no further illumination.

"[J]urisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citation omitted). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). Here, given the paucity of jurisdictional allegations and the need for the Court to determine whether it may hear this matter, jurisdictional discovery is especially warranted.

[2] Plaintiffs certified the factual allegations in the Complaint had evidentiary support, *see* Fed. R. Civ. P. 11(b), but did not correct the issue until the Court inquired about subject matter jurisdiction.

Accordingly, the parties are directed to engage in thirty (30) days of jurisdictional discovery limited to ascertaining Infinity Inc.'s principal place of business. Discovery shall proceed before Magistrate Judge Espinosa.

**SO ORDERED.**

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge